UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRYSTAL OLSSON, individually and on behalf of all other persons similarly situated,<br><br>                        Plaintiffs,<br><br>       -against-<br><br>THE CITY OF NEW YORK, NYC HEALTH + HOSPITALS and DR. MITCHELL KATZ, in his official capacity as President and Chief Executive Officer of NYC HEALTH + HOSPITALS,<br><br>                        Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Krystal Olsson, individually and on behalf of all other persons similarly situated, (collectively "Plaintiffs"), by and through their attorneys, Joseph & Norinsberg, LLC, as and for their complaint against Defendants The City of New York ("NYC"), NYC Health + Hospitals ("NYCHH"), and Dr. Mitchell Katz, in his official capacity as President and Chief Executive Officer of NYCHH (collectively "Defendants"), allege upon personal knowledge as to themselves and upon information belief as to all other matters, as follows:

**NATURE OF THE CASE**

1.  Named Plaintiff Olsson bring this action on behalf of herself and all other similarly situated employees for damages and equitable relief based on Defendants' systemic and continuous violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein. The FLSA, and interpreting caselaw, mandates that employers remit prompt and timely payment of employees' wages earned in each pay period, yet Defendants willfully failed to do so.

1

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331.

3.      This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

5.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

***Plaintiffs***

6.      Named Plaintiff Krystal Olsson is a resident of the State of New York, and a member of the American Federation of State, County and Municipal Employees, District 37, Local 420.

7.      At all relevant times herein, Named Plaintiff Olsson was, and continues to be, an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203 (e)(1) and is entitled to protections as defined in the FLSA.

8.      Named Plaintiff currently works for Defendants as a Patient Care Technician at Defendants' Sea View facility located at 460 Brielle Avenue, Staten Island, NY 10314.

9.      Named Plaintiff Olsson has submitted written consent to be a Party-Plaintiff in this action pursuant to 29 U.S.C. § 216(b). (See Exhibit A, FLSA Consent Form).

***Defendants***

10.    Defendant The City of New York ("NYC") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.    Defendant NYCHH is a not-for-profit municipal health care system organized pursuant to the laws of the State of New York.

12.    NYCHH is an employer and an enterprise engaged in commerce or the production of goods for commerce as defined in the FLSA, as NYCHH at all times employed two or more employees, generated annual revenue exceeding $500,000.00, and purchased and used goods and materials that originated out of state and thereby crossed state lines, such as medical supplies, cleaning equipment, and other materials used in the day-to-day operations of NYCHH. *See* 29 U.S.C. § 203(d), (r), (s).

13.    NYCHH's principal office and headquarters is located at 125 Worth Street, New York, NY 10013.

14.    Defendant NYC is an entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a Public Agency and "employer" within the meaning of 29 U.S.C. § 203 (s) (l) (C).

15.    Defendant NYC may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, N.Y. 10007.

16.    Defendant NYCHH is an administrative division of Defendant NYC, and an entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of 29 U.S.C. § 203 (s) (l) (C).

3

17.     Individual Defendant Dr. Katz is the current President and Chief Executive Officer of NYCHH and has served in these official capacities since January 8, 2018. This action is brought against him in his official capacity.

18.     At all relevant times herein, Defendants exercised control over the terms and conditions of Plaintiffs' employment, in that Defendants had and exercised the power to: (i) hire and fire Plaintiffs; (ii) determine their rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiffs herein; and (v) otherwise affect the quality of the employees' work conditions and employment.

19.     Accordingly, Defendants were and are the "employer(s)" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

## **COLLECTIVE ACTION ALLEGATIONS**

20.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21.     Named Plaintiff Olsson seeks to recover damages, including liquidated damages in the amount equal to the amount of unpaid wages earned but not timely paid in each pay period due to Defendants' failure to remit prompt and timely wages, plus interest, arising from Defendants' willful violation of the applicable provisions of the FLSA, 29 U.S.C. §§ 206 and 216(b), on behalf of herself and on behalf of the following Putative Collective action members:

> Current and former similarly situated employees who performed work or have worked for Defendants at any time since January 2022, under the classifications which include, but are not limited to Patient Care Technician and other non-exempt employees with a different title but who performed the same or similar duties, who during the applicable FLSA limitations period, performed any work for any of the Defendants, and who consent to file a claim to recover damages for compensation that is legally due to them; and/or liquidated damages that are legally due to them ("Putative Collective").

22. Defendants treated Named Plaintiff and Putative Collective action members similarly in that Named Plaintiff and all Putative Collective action members: (1) worked for Defendants; and (2) did not receive prompt and timely payment of their wages in the pay period in which the wages were earned.

23. Named Plaintiff and Putative Collective action members who elect to opt-in as part of the collective action are all victims of the Defendants' common pattern, practice, and/or policy to violate the FLSA by failing to provide timely and prompt payment of Plaintiffs' wages.

24. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the Putative Collective. This policy and pattern or practice includes willfully failing to timely and promptly pay Plaintiffs.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and/or procedures to all members of the Putative Collective.

26. The Putative Collective is so numerous that joinder of all members is impracticable. Although the precise number of putative collective members is unknown, upon information and belief, the size of the Putative Collective is believed to be in excess of 50 individuals. In addition, the names of all potential members of the putative collective are not known.

27. The questions of law and fact common to the Putative Collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants engaged in a policy and practice of willfully failing to timely and promptly pay Plaintiffs their wages in the pay period in which the wages were earned.

28. The claims of Named Plaintiff Olsson are typical of the claims of the members of the Putative Collective.

29.     The Named Plaintiff and her counsel will fairly and adequately protect the interests of the Putative Collective. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

30.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Collective lack the financial resources to adequately prosecute separate lawsuits against Defendants. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies and practices.

## **FACTS**

31.     Defendants have engaged in a pattern and practice of failing to ensure that Named Plaintiff Olsson and members of the Putative Collective received timely and prompt payment for all hours worked in any given week, on the regularly scheduled payday after the work was performed.

32.     At all relevant times between January 2022 and the present, Defendants have engaged in a policy and practice of issuing paychecks which routinely delayed wage payments for work performed in a particular week, resulting in damages to the Named Plaintiff Olsson and members of the Putative Collective.

33.     Defendants' unlawful policy and practice is reflected in the paystubs issued by Defendants to its employees, such as Named Plaintiff Olsson and members of the Putative Collective, which vary between payment for one workweek, two workweeks, and three workweeks.

34.    For example, the payment issued to Named Plaintiff Olsson on August 9, 2024, purports to cover the two-week pay period of July 14, 2024 to July 27, 2024. However, the payment only covers the first week of that pay period ending July 20, 2024.

35.    The next payment issued to Named Plaintiff Olsson on August 23, 2024, purports to cover the two-week pay period of July 28, 2024 to August 10, 2024. However, the same paystub also contained payment for the previously missing week ending July 27, 2024, along with the workweeks ending August 3, 2024, and August 10, 2024.

36.    Despite that Named Plaintiff Olsson's paystubs indicate bi-weekly payment as her "Pay Group," and that each paystub indicates a two-week pay period, Named Plaintiff Olsson does not actually receive timely and prompt bi-weekly payment of her wages.

37.    Defendants were on notice of these wage violations and nevertheless continued to willfully violate the law because Named Plaintiff Olsson repeatedly complained to Defendants, yet Defendants never remedied their unlawful late payment practices.

38.    As a result, Plaintiff was not paid the wages she was due when they were due, resulting in her actual concrete injury of underpayment of wages.

39.    Because Plaintiff was not paid in a timely manner, Plaintiff was denied the time-value of her money by Defendants' underpayments. Specifically, Plaintiff suffered actual monetary injury in that she was unable to invest, save, or purchase utilizing the wages she earned at the time-value it held when it was due.

40.    Throughout the relevant period, Defendants have engaged in a willful policy and practice of violating the FLSA by failing to timely and promptly remit prompt and timely payment of employees' wages earned in each pay period.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT

41.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

42.     Defendants have repeatedly and willfully engaged in a pattern and practice of failing to pay Plaintiffs all wages owed during the regular pay period in which the work was performed.

43.     Pursuant to the 29 U.S.C. §§ 206 and 216(b) and interpreting caselaw, the FLSA requires wages to be paid in a timely fashion and courts have consistently interpreted Section 206(a) of the statute to include a prompt payment requirement.

44.     As described above, Defendants are "employers" within the meaning of the FLSA, while Plaintiffs are "employees" within the meaning of the FLSA.

45.     Plaintiffs performed work for Defendants during the workweek, yet Defendants failed to remit prompt and timely payment to them in accordance with the FLSA's provisions and interpreting caselaw.

46.     Defendants willfully violated the FLSA.

47.     Plaintiffs are entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's provisions.

## DEMAND FOR A JURY TRIAL

48.     Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with the Defendants, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B. An award declaring that the practices complained of herein are unlawful and willful, and in violation of the FLSA:

C. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

D. Designation of Named Plaintiff and her counsel as collective action representatives under the FLSA;

E. Granting an award in favor of Plaintiffs against Defendants, in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages earned but not timely paid in each pay period to Named Plaintiff or opt-in Plaintiff, plus liquidated damages, and interest; and

F. An award to the Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

G. Awarding Plaintiff with a service award for her willingness to come forward as the lead Plaintiff on behalf of the Plaintiffs;

H. An award to the Plaintiffs of pre-judgment and post-judgement interest at the highest-level rate, from the date of service of the initial complaint in this action, on all unpaid wages from the date such wages were earned and due; and

I. Any such other and further relief as this tribunal deems appropriate.

Date:   New York, New York
        January 14, 2025

                                  Respectfully submitted,

                                  **JOSEPH & NORINSBERG, LLC**


                        By: _____

                                  Jon L. Norinsberg, Esq.
                                  Michael R. Minkoff, Esq.
                                  Joel L. Goldenberg, Esq.
                                  110 East 59th Street, Suite 3200
                                  New York, New York 10022
                                  Tel.: (212) 227-5700
                                  Fax: (212) 656-1889
                                  E-mails: jon@norinsberglaw.com;
                                  michael@employeejustice.com; and
                                  joel@employeejustice.com
                                  *Attorneys for Plaintiff and the Putative*
                                  *Collective*

**VERIFICATION**

KRYSTAL OLSSON, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

Dated: 13/01/2025 _____

Krystal Olsson (Jan 13, 2025 19:39 EST) _____

KRYSTAL OLSSON