UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KRYSTAL OLSSON, individually and on behalf of all
other persons similarly situated,

                                       Plaintiffs,         **ANSWER**

           - against-                     25-cv-00346 (PAE)

THE CITY OF NEW YORK, NYC HEALTH +
HOSPITALS and DR. MITCHELL KATZ,
in his official capacity as President and Chief
Executive Officer of NYC HEALTH +
HOSPITALS,

                                     Defendants.
------------------------------------------------------------------------ x

          Defendants City of New York, NYC Health + Hospitals ("H+H"), and Dr. Mitchell

Katz, in his official capacity as President and Chief Executive Officer of H+H, (collectively

"Defendants") by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New

York, as and for their answer to the Complaint, allege as follows:

          1.       Deny the allegations set forth in paragraph "1" of the Complaint except

admit that Plaintiffs purport to proceed as set forth therein.

          2.       Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that Plaintiffs purport to proceed as set forth therein. To the extent the allegation calls for a

legal conclusion, no response is required.

          3.       Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that Plaintiff purport to proceed as set forth therein.  To the extent the allegation calls for a

legal conclusion, no response is required.

          4.       Deny the allegations set forth in paragraph "4" of the Complaint, except

admit that Plaintiff purports to proceed as set forth therein and admit that Defendant H+H

maintains facilities in this district. To the extent the allegation calls for a legal conclusion, no response is required.

5. The allegations set forth in paragraph "5" of the Complaint call for a legal conclusion to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint

7. Paragraph "7" sets forth a legal conclusion to which no response is required, to the extent a response is required, admit that Plaintiff is an employee of Defendant H+H.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint and respectfully refer the Court to the provision of law and Exhibit cited therein for a complete and accurate statement of their contents.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that H+H is a public benefit corporation that was established by state statute in 1969and respectfully refer the Court to the New York City Health and Hospitals Act, N.Y. Unconsol. Laws sec. 7381, *et seq.*, for a complete and accurate statement of its contents.

12. Paragraph "12" sets forth a legal conclusion to which no response is required, to the extent a response is required, deny the allegations set forth in paragraph "12" of the Complaint except admit that H+H employs two or more employees and purchased and used goods and materials that originated out of state.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14.    Paragraph "14" sets forth a legal conclusion to which no response is required, to the extent a response is required, deny the allegations set forth in paragraph "14" of the Complaint.

15.    Admit the allegations set forth in paragraph "15" of the Complaint.

16.    Paragraph "16" sets forth a legal conclusion to which no response is required, to the extent a response is required, deny the allegations set forth in paragraph "16" of the Complaint, except admit that H+H is a public benefit corporation that was established by state statute in 1969 and respectfully refer the Court to the New York City Health and Hospitals Act, N.Y. Unconsol. Laws sec. 7381, *et seq.*, for a complete and accurate statement of its contents.

17.    Deny the allegations set forth in paragraph "17" of the Complaint except admit that Dr. Katz has served as H+H CEO since 2018 and that Plaintiffs purport to proceed as set forth therein.

18.    Paragraph "18" sets forth a legal conclusion to which no response is required, to the extent a response is required, deny the allegations set forth in paragraph "18" of the Complaint except admit that H+H employed Plaintiff.

19.    Paragraph "19" sets forth a legal conclusion to which no response is required, to the extent a response is required, deny the allegations set forth in paragraph "19" of the Complaint and respectfully refer the Court to the provision of law cited therein for a complete and accurate statement of its content.

20.    Paragraph "20" sets forth a legal conclusion to which no response is required, to the extent a response is required, deny the allegations set forth in paragraph "20" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

3

21.     Deny the allegations set forth in paragraph "21" of the Complaint except admit that Plaintiffs purport to proceed as set forth therein and respectfully refer the Court to the provision of law cited therein for a complete and accurate statement of its content, except admit that Plaintiffs purport to proceed as set forth therein..

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiff Olsson works for Defendant H+H.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except deny knowledge or information sufficient to form a basis of belief as to the truth of what names are known or not know to Plaintiff Olsson.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the t allegations regarding the financial resources of the Putative Collective.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that Plaintiff Olsson's August 9, 2024 paycheck includes payment for wages earned in the week ending July 20, 2024, and does not include payment for wages earned in the week ending July 27, 2024.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Plaintiff Olsson's August 23, 2024 paycheck includes payment for wages earned in the week ending July 27, 2024, as well as the weeks ending in August 3, 2024, and August 10, 2024.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     In response to paragraph "41" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" to "40" of the Complaint as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     The allegations set forth in paragraph "43" of the Complaint sets forth a legal conclusion to which no response is required,

44.     Paragraph "44" sets forth a legal conclusion to which no response is required.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, except admit that Plaintiff performed work for H+H..

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.    Paragraph "47" sets forth a legal conclusion to which no response is required, to the extent a response is required, deny the allegations set forth in paragraph "47" of the Complaint.

48.    As there are no factual allegations set forth in paragraph "48" of the Complaint no response is required, except admit that Plaintiffs purport to proceed as set forth therein..

## AS AND FOR A FIRST DEFENSE

49.    The Complaint fails to state a claim, in whole or in part, upon which relief may be granted, either on Plaintiff's own behalf or on behalf of those persons whom she purports to represent.

## AS AND FOR A SECOND DEFENSE

50.    The Complaint may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE

51.    Plaintiff's claims and the claims of any allegedly similarly situated employees may be barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## AS AND FOR A FOURTH DEFENSE

52.    At all times, and in all manners, Defendants acted in accordance with any and all duties and obligations that it may have had under the FLSA.

## AS AND FOR A FIFTH DEFENSE

53.    Defendants have at all times acted in good faith and had reasonable grounds for believing that their pay practices complied with the FLSA.

6

## AS AND FOR A SIXTH DEFENSE

54.     Plaintiff and allegedly similarly situated employees are barred from recovery of some or all of the damages sought because they are not authorized by the FLSA.

## AS AND FOR A SEVENTH DEFENSE

55.     At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

## AS AND FOR A EIGHTH DEFENSE

56.     This case may not be maintained as a collective action because the named Plaintiff is not similarly-situated to or is otherwise not an adequate representative for the persons whom she purports to represent.

## AS AND FOR A NINTH DEFENSE

57.     Any delayed payment of wages may be the result of Plaintiff's and allegedly similarly situated employees' own conduct.

## AS AND FOR A TENTH DEFENSE

58.     Plaintiff's, and those similarly situated to Plaintiff, claims are barred, in whole or part, by the FLSA, the Constitution of the United States and/or the Constitution of the State of New York.

## AS AND FOR A ELEVENTH DEFENSE

59.     Plaintiff, and allegedly similarly situated employees, may be estopped from asserting some or all of the claims asserted in the Complaint because Defendants' actions were based upon the governing collective bargaining agreements and past practices established thereunder.

## AS AND FOR A TWELFTH DEFENSE

60.     Plaintiff, in whole or in part, and allegedly similarly situated Plaintiffs, and any opt-in Plaintiffs, are exempt from the provisions of the FLSA.

## AS AND FOR A THIRTEENTH DEFENSE

61.     Subject to proof through discovery, Plaintiff, and allegedly similarly situated employees', claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A FOURTEENTH DEFENSE

62.     The City of New York is not a proper party to this proceeding.

Dated:      New York, New York
            March 21, 2025

                            **MURIEL GOODE-TRUFANT**
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendants
                            100 Church Street, Rm. 2-318
                            New York, New York 10007
                            (212) 356-3574
                            coquinn@law.nyc.gov

                            By:    */s/ Conner J. Quinn*
                                   Conner J. Quinn
                                   Assistant Corporation Counsel

To:     Joel Goldenberg, Esq. (By ECF)
        JOSEPH & NORINSBERG, LLC
        Attorneys for Plaintiff
        110 E 59th Street, Suite 2300
        New York, NY 10022
        Tel: (212) 227-5700
        joel@employeejustice.com

25-cv-00346 (PAE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRYSTAL OLSSON, individually and on behalf of all
other persons similarly situated,

Plaintiffs,

- against-

THE CITY OF NEW YORK, NYC HEALTH +
HOSPITALS and DR. MITCHELL KATZ,
in his official capacity as President and Chief
Executive Officer of NYC HEALTH +
HOSPITALS,

Defendants.

## ANSWER

### *MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Conner J. Quinn*
*Tel:  (212) 356-3574*
*Matter #:  2025-006982*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................., 2025...*

*..........................................................................., Esq.*

*Attorney for ...................................................................*